UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA SWIFT, individually and in the interest of R.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16CV00314 AGF |
| SSD of ST. LOUIS COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the unopposed motion of Special School District ("SSD") of St. Louis County for an order, under Federal Rule of Civil Procedure 35(a), directing Plaintiffs R.M., a minor, and Monica Swift, her mother, to submit to mental examinations. For the reasons set forth below, the motion shall be granted, with certain parameters.

The amended complaint in this case claims that SSD and other school districts discriminated against R.M. based on her disability and did not provide her with special educational services to which she was entitled, in violation of her rights under the Individuals with Disabilities in Education Act ("IDEA") and the Rehabilitation Act of 1973. Plaintiffs allege that Defendants' actions have caused R.M. "considerable harm, including, but not limited to delayed educational development, delayed . . . mental development, and considerable . . . emotional distress." (Doc. No. 48 at 15.) Swift alleges that as a result of Defendants' actions she has suffered "considerable harm, including . . .

extreme emotional distress." *Id*. SSD argues that these allegations place R.M's and Swift's mental conditions in controversy, as that term is used in Rule 35(a).

Rule 35(a) provides:

Order for Examination. When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. Pro. 35(a).

"The majority of courts will not find good cause to require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) plaintiff concedes that his mental condition is in controversy.

*Gaines-Hanna v. Farmington Pub. Sch.*, No. 04-CV-74910-DT, 2006 WL 932074, at *9 (E.D. Mich. Apr. 7, 2006). Here, the Court believes that SSD has shown good cause to support its motion with respect to R.M. *See I.S. ex rel. Sepiol v. Sch. Town of Munster*, No. 2:11-CV-160-JD-PRC, 2013 WL 1636672, at *3 (N.D. Ind. Apr. 16, 2013) (granting Rule 35(a) examination of student in an IDEA case). The Court also believes that good cause exists to order Swift to submit to a mental examination, especially in light of the fact that she has not opposed the motion. Thus the Court will grant SSD's motion as to

each Plaintiff. The scope of the examinations shall be as set forth below. Details as to the manner, location, and time of the examinations will be left to the parties. *See Lane v. Pfizer, Inc.*, No. 04-CV-683-CVE-PJC, 2007 WL 221959, at *3 (N.D. Okla. Jan. 25, 2007). If agreement cannot be reached, either side may seek the Court's assistance.

Accordingly,

**IT IS HEREBY ORDERED** that the unopposed motion of Defendant SSD of St. Louis County for an order, under Federal Rule of Civil Procedure 35(a), directing Plaintiffs R.M. and Monica Swift to submit to mental examinations is **GRANTED**. (Doc. No. 77.)

**IT IS FURTHER ORDERED** that the mental examination of Plaintiff R.M. shall be conducted by a suitably licensed examiner and the scope of the examination will be the extent of Plaintiff R.M.'s mental condition, cognitive ability, and academic potential to receive a free appropriate public education in the general education setting.

**IT IS FURTHER ORDERED** that the mental examination of Plaintiff Monica Swift shall be conducted by a suitably licensed examiner and the scope of the examination of Plaintiff Monica Swift will be the existence and extent of her alleged extreme emotional distress caused by Defendants.

                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2017.